## STATE v. JOHN ALEXANDER.

*Pardon -- Definition of " Conviction."*

The term "Conviction" in Art. III, § 6, of the Constitution denotes a verdict of guilty rendered by a jury; *Therefore*, when the defendant, after verdict and judgment in the Court below, appealed to this Court and pending such appeal was pardoned by the Governor; *Held*, that such pardon is authorized by the Constitution and is valid.

(PEARSON, C. J *Dissenting.*)

(*State* v. *McIntire*, 1 Jones 1, cited, distinguished and approved.)

INDICTMENT for Larceny tried at Fall Term, 1876, of MECKLENBURG Superior Court, before *Schenck, J.*

There was a verdict of guilty in the Court below, and judgment that defendant be imprisoned in the Penitentiary for a term of five years at hard labor. From this judgment the defendant appealed. When the case was called for argument in this Court upon the merits, the defendant entered a plea of Pardon granted on 27th of December, 1876, by Curtis H. Brogden, the then Governor of the State.

The question as to whether the plea should be allowed during the pendency of the appeal was argued by the *Attorney General*, for the State, and *Messrs. Shipp & Bailey*, for the defendant.

READE, J. The pardoning power is a useful one. It answers about the same purpose in the administration of criminal matters that equity does in the administration of civil matters. Equity supplies that wherein the law by reason of its universality is deficient; and pardons supply that wherein the criminal law by reason of its universality is deficient. It is however capable of abuse. And the provision in our Constitution which allows its exercise only after trial and conviction is intended to prevent its abuse.

STATE *v.* ALEXANDER.

At common law the Crown exercised the power of pardon at any time. The consequence was that crimes were smothered. The facts were not brought to light. The person charged was not brought before the public and required to answer the charge and of course the public were dissatis- fied. But under our Constitution and statute, the person charged must be brought before the public in a public trial and face his accusers and all the facts must appear and the jury must find him guilty and the Court must sentence him. If then he will ask for pardon, he cannot deceive the pardon- ing power. The public are in possession of the facts and can resist his application. Nor is the pardoning power any longer irresponsible to the public ; because he has to report the facts and his reasons for exercising the power.

It is not denied that a pardon granted under these cir- cumstances is valid, but the objection made is that these pre-requisites do not exist in this case, for although the de- fendant had been regularly charged, tried, found guilty by the jury and sentenced by the Court, thereby bringing his case within the constitutional provision, yet he took it out of the provision by appealing to the Supreme Court, which appeal vacated the sentence or judgment ; and so there was no *"conviction"* remaining, and therefore the pardon is in- valid as wanting a "conviction" to support it. And this brings us to the construction of the Constitution as to what is meant by "conviction." Does it mean the verdict of the jury, or the sentence of the Court, or the verdict and sen- tence both ? The word is ordinarily used to denote the ver- dict of the jury, guilty. How did the jury find ? Guilty ; or, they convicted him. What did the Judge do ? Sentenced him to be hanged. This is the language ordinarily used in such matters, both in conversation and in books, law and literary. It is never said that the jury sentenced him nor that the Judge convicted him.

In *State* v. *McIntire*, 1 Jones, 1, Chief Justice Pearson says: " The judgment is referred to in the pardon as subsisting, whereas in fact it was annulled by an appeal to the Supreme Court, and if that Court should decide there was error and direct a *venire de novo*, the conviction also would be annulled and the defendant stand as if there had been no trial."

There, manifestly the *verdict* is considered to be the *conviction*. See also 25 Grattan, 850, and 109 Mass. 130. But furthermore the Constitution itself unmistakably fixes what it means by conviction. " No person shall be convicted of any crime but by the unanimous verdict of a jury," &c. Art. I, § 13.

Nothing can be a conviction but the verdict of the jury. Take that to be so; still inasmuch as the Constitution in the same section in which it authorizes the Governor to pardon " after conviction," requires him to report to the General Assembly not only the *conviction* but the *sentence,* is it not intended that there shall be a sentence to report; else how can he report it? And if the appeal vacates the sentence, then there is no sentence to report; and so there is no sentence to support the pardon. Technically that would seem to be so, but it is a refinement merely. Suppose the defendant in his application for pardon should say ; " I was convicted of murder and sentenced to be hanged ; I appealed to the Supreme Court, but I abandon the appeal and pray for a pardon ;" might not the Governor pardon him and in his report say that the applicant had been convicted of murder and sentenced to be hanged and appealed to the Supreme Court, but abandoned his appeal and prayed for pardon ; and that he had pardoned him because he was satisfied that he was innocent? Would not that substantially comply with the Constitution to say that he had been convicted and that he had been sentenced, &c ?

It is insisted that the object is not to pardon him while he is making defence, nor until he surrenders and begs for mercy. If that were true, still does he not surrender and beg for mercy when he abandons his appeal and prays for pardon? But it is not always true that the defendant ought to be expected to surrender and beg for *mercy*. There are cases where he has been improperly convicted and asks not for *mercy* but for *justice*.

The pardon has been shown us, and the Attorney General consents that the case may be considered as if the pardon were properly pleaded.

We therefore declare that the defendant is entitled to be discharged on payment of costs and upon the terms of the pardon.

PEARSON, C. J. *Dissenting.* The prisoner after verdict moved for a new trial for error in the instructions. This motion was not allowed and sentence was pronounced and the prisoner appealed.

After the appeal the prisoner was pardoned, and he now here in this Court pleads " his pardon" as a plea " since the last continuance," in bar of further action in the premises, and in his plea waives his exceptions to the charge of the Judge from which he had appealed and all other grounds of exception, and takes the position of one who " has nothing more to say than what has been already said" except his pardon.

In the due order of proceeding this Court can only decide the matters appealed from, and the pardon cannot be pleaded here, but after this Court has declared its opinion to be that there is no error in the ruling of the Court below, and judgment is moved for in that Court, and the conviction is established according to law by the judgment of the Court, the plea of pardon may be put in and from the ruling in respect to it an appeal to this Court may be taken by the State or by the prisoner.

To avoid circuity the Attorney General waives all objection to this irregularity and consents that the validity of the pardon may be decided by this Court in the present stage of the proceeding.

The question involves the construction of Art. III, § 6, of the Constitution ; " The Governor shall have power to grant reprieves, commutations and pardons *after conviction* for all offences," &c.   This turns upon the sense in which the word " conviction" is used.

You have a conviction of the truth of the Christian religion, that is, you are convinced of it.   The jury has a conviction of the prisoner's guilt according to the evidence, and the prisoner is said to be convicted by the verdict.   The Court has a conviction of the prisoner's guilt according to the verdict of the jury and according to the law of the case and pronounces sentence, and the prisoner is then fully convicted both according to the law and the facts.   By the corruptibility of the meaning of words in our language a verdict of guilty signifies the conviction of the prisoner and the judgment of the Court also signifies the conviction of the prisoner.   In this sense we say of prisoners confined in the Penitentiary, they are " convicts," that is they are under conviction by the sentence of the law.

The question is, do the words " after conviction" used in the Constitution mean after conviction by verdict or after conviction by verdict and the judgment of the Court?   I have a conviction that the words are used in the latter sense.   My conclusion is based on four grounds :

1. The same section of the Constitution provides ; " The Governor shall annually communicate to the General Assembly each case of reprieve, commutation or pardon granted, stating the name of *each convict*, the crime for which he was convicted, *the sentence and its date*, the date of commutation, pardon or reprieve, and the reasons therefor."

This, as it seems to me, removes all ambiguity and makes it perfectly clear, that the words "after conviction," mean after conviction by judgment, for until there be judgment the Governor cannot communicate to the General Assembly "the sentence" from which his pardon relieved the party. It will be noted that this clause of the section goes much into detail, requiring the Governor to give the name of each convict, the crime, *the sentence*, its date, the date of the pardon and *the reasons therefor;* showing an intention to hedge in the power to grant pardons and to cut off any latitudinarian construction and to confine the power within rigid bounds

2. Another clause of the Constitution shows the sense in which the word "conviction" is used. Art. I. § 33; "Slavery and involuntary servitude otherwise than for crime, whereof the party shall have been *duly convicted*, shall be and are hereby forever prohibited." Manifestly these words mean a conviction by the sentence of the court. True, a party may withdraw his appeal, submit to the judgment from which he had appealed, and after doing so apply for pardon; but to allow him to obtain a pardon pending the appeal while he is contesting the legality of his conviction is in my judgment " to put the cart before the horse" and to defeat the meaning of the Constitution.

3. There is a legislative construction of these words. Acts 1870–'71, Bat. Rev ch. 78, § 37. "Every application for pardon must be made to the Governor in writing, signed by the party convicted, or by some person in his behalf; and every such application shall contain the grounds and reasons upon which the Executive pardon is asked and shall be in every case accompanied by a certified copy of the indictment *and the verdict and judgment of the Court thereon.*"

So the application cannot be made until there is a judgment of the Court. By an appeal the judgment of the Court is vacated. No lawyer will dispute this; and the legal ef-

fect is the same as if there was no judgment. This statute cuts off all applications for pardon until there be judgment, thus putting a construction upon the words "after conviction" as used in the Constitution. Here too it will be noted that the statute evinces the same anxiety to prevent an abuse of the power of pardon as evinced by the Constitution.

4. By the common law the Crown had power to pardon at any time after an offence was committed; before trial, after trial and before judgment and after judgment. See *McIntire's case,* 1 Jones, 1.

Under the old Constitution § 9, "the power of granting pardons and reprieves, except when the prosecution shall be carried on by the General Assembly, or the law shall otherwise direct," is vested in the Governor.

Under this section the Governors claimed and exercised as ample powers of granting pardons as belonged to the Crown by the common law. When a pardon was granted *before* trial, every one felt that the demands of justice had not been fulfilled. So, when a pardon was granted *after* trial and *before* judgment, every one felt that the demands of justice had not been fulfilled. For the rascal could still go about and say "my guilt has not been established according to law so I am not a convicted felon. True, the jury said I was guilty, but it was because the Judge gave wrong instructions as to the law from which I appealed and thereby his sentence was vacated." Thus the fact of his guilt or of his innocence is not fixed but is left as an open question. The public mind is not satisfied for the demands of justice have not been met. This could only be when the prisoner, by his plea of "guilty" or by the verdict by which the facts were found against him followed up by a judgment of the Court, stood forth as a convicted person who could do nothing more

than beg for mercy. But when a person moves to set aside the verdict and have a new trial because the Judge erred in his charge or for some other error, rejection of evidence for instance, or moves in arrest of judgment and vacates the judgment by an appeal to the Supreme Court, his guilt is not established according to law, and should he be pardoned pending the appeal the public mind will not be satisfied and the demands of justice will not be met; in other words, until his guilt is established both according to the facts and the law. After the Judiciary has disposed of him and his guilt is established according to law he is allowed to appeal to the mercy of the Executive, but not before, for it would disturb the harmony of action should mercy tread upon the heels of justice by snatching away the party accused before his guilt is fully established.

These remarks are intended to show the evils which the new Constitution meant to remedy. That the evil of pardoning before trial is remedied, all admit. Why should the Constitution stop at a point half way and not also remedy the evil of pardoning after trial and before the guilt of the party is established by judgment and the demands of justice are fully met? I am not able to conceive of any reason for doing so and I am convinced from the wording of the entire section and the reason of the thing that such was not the intention.

The case cited from the Mass. Reports has no bearing for the Constitution of that State does not contain the explanatory and restricting clause set out in our Constitution.

The case cited from the Virginia Reports is distinguishable for in that State the jury fix the punishment and the Court does no more than to order the sentence imposed by the jury to be carried into effect.

I am of opinion that by our Constitution the Governor

has no power to pardon until the guilt of the person is definitely fixed by the judgment of the Court.

The plea of pardon should not be allowed.

PER CURIAM.                                        Pardon allowed.

PEARSON, C. J. *Dissenting.*

