[No. 20155. In Bank. — December 7, 1885.]

Ex parte J. E. BROWN et al., on Habeas Corpus.

Criminal Law — Conviction — Bail Pending Appeal. — Under section 1272 of the Penal Code, a defendant, after his conviction for a felony, is not entitled to be admitted to bail as a matter of right, pending an appeal to the Supreme Court.

Id. — Conviction Defined. — The term " conviction," as used in such sec-
tion, signifies a finding that the accused is guilty, either by the verdict
of a jury, or by some other mode mentioned in section 689 of the Penal
Code.

Application for a writ of *habeas corpus* to admit the
petitioners to bail.

The facts are stated in the opinion of the court.

*George W. Tyler*, for Petitioners.

*J. N. E. Wilson, contra.*

Thornton, J.—Application for admission to bail by
Brown and Weile, after the verdict of the jury finding
each of them guilty of a felony, and before judgment
pronounced on the verdict. The verdict was accepted
and recorded by the court.

It is contended that, under the law of this state, the
applicants are entitled to be admitted to bail as a matter
of right.

It was held in *People* v. *Tinder*, 19 Cal. 539, under the
constitution of 1849, that in all other than capital cases,
and in all capital cases where the guilt is not evident
or the presumption great, a defendant is entitled to
bail as a matter of right. The constitution of 1879 has
made no change in the law as just above stated. And
under the former constitution (and the same is the rule
under the present constitution), the guaranty of bail as
a matter of right extends only to those cases where the
party has not already been convicted. (*Ex parte Voll*,
41 Cal. 9.)

The statute (see Penal Code, secs. 1270, 1271, 1272) is
in accord with the foregoing. We insert here the text of
these sections:—

"Sec. 1270. A defendant charged with an offense pun-
ishable with death cannot be admitted to bail when the
proof of his guilt is evident or the presumption thereof
great. The finding of an indictment does not add to

the strength of the proof or the presumptions to be drawn therefrom.

"Sec. 1271. If the charge is for any other offense, he may be admitted to bail before conviction, as a matter of right.

"Sec. 1272. After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail,—

"1. As a matter of right, when the appeal is from a judgment imposing a fine only;

"2. As a matter of discretion in all other cases."

It is said that there has been no conviction in this case, as judgment has not been pronounced on the verdict.

The question then presented for decision is this: What is a *conviction?* The ordinary meaning of this word is the finding by a jury of a verdict that the accused is guilty. In legal parlance, it often signifies the final judgment of the court. The above is said to be the signification of the word "conviction" in *Blaufus* v. *People,* 69 N. Y. 109.

Blackstone says: "If the jury find him [the prisoner] guilty, he is then said to be *convicted* of the crime whereof he stands indicted; which conviction may occur two ways: either by his confessing the offense and pleading guilty, or by his being found so by the verdict of his country." (4 Black. Com. 262.) The same author says: "The plea of *autrefois acquit,* or a former conviction for the same identical crime, though no judgment was ever given or perhaps will be (being suspended by the benefit of clergy or other causes), is a good plea in bar to an indictment." (4 Black. Com. 336.) In 1 Inst. 391, it is said: "The difference between a man attainted and convicted is, that a man is said convict before he hath judgment; as, if a man be convict by confession, verdict, or recreancie, and when he hath his judgment upon the verdict, he is said to be attaint." And further, it is said

by the same writer: "So as by conviction of a felon, his goods and chattels are forfeited; but by attainder, that is, by judgment given, his lands and tenements are forfeited and his blood corrupted, and not before." In Jacob's Law Dictionary, 163, it is said: "There is a great difference between a man *convicted* and *attainted*, though they are frequently, though inaccurately, confounded together"; and in the same work it is said: "Convict, *convictus*,—he that is found guilty of an offense by verdict of a jury. Crompton saith that conviction is either when a man is outlawed, or appeareth and confesseth, or is found guilty by the inquest; and when a statute excludes from clergy persons found guilty of felony, etc., it extends to those who are convicted by confession. (2 Cromp. Just. 9.)" "Judgment amounts to conviction, though it doth not follow that every one who is convicted is adjudged." (2 Cromp. Just. 63, tit. Convict and Conviction.) Bishop says: "The word 'conviction' ordinarily signifies the finding of the jury, by verdict, that the prisoner is guilty. When it is said there has been a conviction, or one is convict, the meaning usually is, not that sentence has been pronounced, but only that the verdict has been returned. So a plea of guilty by the defendant constitutes a conviction of him." He then quotes the passage first above given from 1 Inst., and continues: "Yet the word 'conviction,' when it stands in such a connection with other words as to indicate a secondary or unusual meaning, sometimes denotes the final judgment of the court. Where the proceeding is civil in form, for the recovery of a fine, there cannot be what in law is called a conviction. It has likewise some other significations; according to one of which, 'a conviction is defined to be a record of the summary proceedings upon any penal statute, before one or more justices of the peace, or other persons duly authorized, in a case where the offender has been convicted and sentenced.'" (Bish. on Stat. Cr., sec. 348.) The same writer says: "A

conviction, in ordinary legal language, consists of a plea or verdict of guilty, and it is immaterial whether or not final judgment has been rendered thereon." (2 Bish. Cr. Law, sec. 903; 1 Bish. Cr. Law, sec. 963.) See also, on this point, *People* v. *March*, 6 Cal. 543; *People* v. *Goldstein*, 32 Cal. 433; *Blair's Case*, 25 Gratt. 853; *Commonwealth* v. *Williamson*, 2 Va. Cas. 211; *Shepherd* v. *People*, 24 How. Pr. 38; *Commonwealth* v. *Lockwood*, 109 Mass. 324; *State* v. *Alexander*, 76 N. C. 231; *Commonwealth* v. *Richards*, 17 Pick. 296; *Nason* v. *Staples*, 48 Me. 125; *United States* v. *Gilbert*, 2 Sum. 40; 2 Hawk. P. C. 36, secs. 1, 10; *United States* v. *Watkinds*, 6 Fed. Rep. 153; Bouvier's Law Dict., verb. Conviction.

The foregoing references show that the ordinary meaning of the word "conviction" is the verdict of guilty pronounced by a jury. As said by Read, J., speaking for the court in *State* v. *Alexander, supra:* "The word is ordinarily used to denote the verdict of the jury, guilty. How did the jury find? Guilty; or they convicted him. What did the judge do? Sentenced him to be hanged. This is the language ordinarily used in such matters, both in conversation and in books, law and literary. It is never said that the jury sentenced him nor that the judge convicted him." (76 N. C. 232.)

Now, while the word may be used as signifying the sentence pronounced on the verdict, or the record of conviction, including *inter alia* the verdict and sentence, still such meaning ought not to be attributed to it, unless there is something in the context to indicate that it was. used in such sense, as in *Commonwealth* v. *Gorham*, 99 Mass. 420; *Burgess* v. *Boetafeur*, 7 Man. & G. 481, 508.

The words "conviction" and "convicted" are used in the constitution and frequently in the statutes of this state. (See Const., art. 1, sec. 20, and the following sections of the Penal Code: 681, 689, 1097, 1103, 1104, 1108, 1110, 1111, 1157, 1161, 1162, 1193, 1195, 1197, 1201, 1217, 1218, 1227, 1243, 1271, 1272, 1417, 1418, 1420.

By the first article, section 20, of the constitution, it is provided: "No person shall be convicted of treason unless on the evidence of two witnesses to the same overt act, or on confession in open court."

We think that as it would be proper to instruct the jury on a trial for treason that they could not convict unless upon the testimony of two witnesses to the same overt act, the word "convicted" has reference to the verdict of the jury, and not to the sentence pronounced on the defendant. It also refers to the confession in open court, or plea of guilty, prior to the delivery of judgment. There is nothing in the context to show that the word "convicted" is used in any other than its ordinary sense.

These words are used with a like meaning in the greater number of the sections above cited from the Penal Code.

This we think is true of section 689 of the Penal Code, which is as follows:—

"No person can be convicted of a public offense unless by the verdict of a jury, accepted and recorded by the court, or upon a plea of guilty, or upon judgment against him upon a demurrer in the case mentioned in section 1011, or upon a judgment of a court, a jury having been waived, in a criminal case not amounting to felony."

Of a statute similar in Virginia, it was said in *Blair's Case* that it plainly implies that a person may be convicted in either of these modes.

In section 1161, above cited, we find the expression "verdict of conviction" is used, which clearly implies that a verdict is a conviction.

In section 1151, *supra*, it is said: "A general verdict upon a plea of not guilty is either guilty or not guilty, which imports a conviction or acquital of the offense charged in the indictment." It must be the verdict of guilty which *imports* the conviction, and if it imports a conviction, it means or signifies it. In sections 1217 and

1218, *supra*, the words "conviction" and "judgment" are both used. There can be but little doubt here that the former means a verdict of guilty.

It is unnecessary to examine particularly all the sections above cited. We are satisfied that *conviction* in the section (1271) above cited signifies the verdict of guilty pronounced on a trial by the jury.

In view of section 1166 of same code, we cannot see that any other conclusion than the above can be reached. The section is as follows: " If a general verdict is rendered against the defendant, or a special verdict is given, he must be remanded; if in custody, or if on bail, he may be committed to the proper officer of the county to await the judgment of the court upon a verdict. When committed, his bail is exonerated, or if money is deposited instead of bail, it must be refunded to the defendant."

It may be conceded that on a conviction by verdict of a felony, not capital, it is in the discretion of the court to order the defendant, when on bail, into the custody of the proper officer. But when the court does so order him into the custody, he orders him there to be kept by the officer until judgment is pronounced; and if there can be any admission to bail, it must be discretionary with the court, and not a matter of right to the defendant.

There is nothing in section 1272 in conflict with this. According to that section, there is one case which is not bailable after conviction,—that is, after conviction of an offense punishable with death,—one case, where after conviction and appeal taken bail is allowed as a matter of right, which is the case of an appeal from a judgment imposing a fine only. In all other cases than those above mentioned, where the defendant has been convicted and has appealed from the judgment, bail is allowed at the discretion of the tribunal granting it.

It may be questioned, when reading sections 1166,

1271, and 1272 together, and comparing each section with the other, whether bail is allowed in the class of cases last mentioned in section 1272, intermediate the verdict and an appeal. If it is allowable at all, it must be as a matter of discretion.

We think it settled law in this state, by the judgments of the court in *Ex parte Voll*, 41 Cal. 29, *Ex parte Marks*, 49 Cal. 680, *Ex parte Smallman*, 54 Cal. 35, and *Ex parte Marshall*, 59 Cal. 386, that this court ought not to admit to bail after a verdict of guilty, unless when circumstances of extraordinary character had intervened since the conviction. No such circumstances are made to appear here.

We add here, in explanation of the foregoing, that there can be conviction in other modes than by the verdict of a jury. Conviction can be by plea of guilty, and in the other modes mentioned in section 689, above cited. But in all these modes conviction takes place before judgment, except in the last mode mentioned in section 689, and in that it will be observed that a jury is waived, and the trial is by the court, in a case which does not amount to felony. The words " conviction " and " convicted " may signify either of these modes.

From the foregoing, it follows that the defendants should not be admitted to bail, and their application is therefore denied, and they are remanded to the custody of the officer. So ordered.

McKee, J., Ross, J., and Morrison, C. J., concurred.