SPAFFORD *v.* BENZIE CIRCUIT JUDGE.

1. PARDONS—VALIDITY—IRREGULARITIES.
    The facts that a pardon lacks an address, does not state the date of conviction, erroneously recites that the prisoner has been sentenced, and is delivered directly to the person pardoned, do not render the pardon void.

2. SAME—PARDON BEFORE SENTENCE.
    The governor has power to pardon before sentence.

3. SAME—SIGNING BY INITIALS.
    The fact that only the initials of the governor's Christian names were used in signing a pardon does not affect its validity.

4. SAME—DISCHARGE OF PRISONER—PRACTICE.
    Where a pardon was delivered to the court having custody of the person pardoned several days before the hearing of a motion for his discharge, the motion should have been granted, though a certified copy of the pardon had not been filed with the county clerk.

*Mandamus* by Herbert E. Spafford to compel Clyde C. Chittenden, circuit judge of Benzie county, to discharge

relator from custody.    Submitted February 2, 1904.
(Calendar No. 20,353.)    Writ granted March 8, 1904.

*E. Eugene Haskins,* with *Charles A. Blair,* Attorney
General, and *Henry E. Chase,* Deputy Attorney General
(*Charles W. McGill* and *George S. Law,* of counsel), for
relator.

*M. E. Louisell,* Prosecuting Attorney, for respondent.

HOOKER, J.    The relator was convicted of the offense
of manslaughter in the circuit court for the county of
Benzie.    Before sentence he received a pardon from the
governor.    A motion was thereupon made for his dis-
charge, and the original pardon was delivered to the re-
spondent, who had it in his possession up to the time of
the hearing of the motion.    This motion was denied, and
·a time fixed for relator's further appearance.    An order to
show cause why the relator should not be discharged was
issued by this court, accompanied by a stay of sentence,
which relator apprehended, and the case is before us upon
the return of the respondent.

Counsel claims, *first,* that the pardon is invalid, and,
*second,* that, even if valid, relator is not entitled to a *man-
damus.*    The grounds upon which the pardon is said to
be invalid are:

1. It is not addressed to the person having custody of
the defendant; *i. e.,* the circuit court.
2. It does not clearly designate the offense pardoned.
This is aimed at the failure to state the date of conviction.
3. The pardon is not signed by the full name of the gov-
ernor, but by his initials; thus, "A. T. Bliss."
4. The pardon recites that the relator had been convicted
and sentenced, whereas he had not been sentenced.
5. The pardon was improvidently issued, and a fraud
was perpetrated upon the governor by interested parties.

It is contended further that, if the pardon shall be held
valid, relator is not entitled to the writ of *mandamus,* for
the following reasons:

1. At the time the motion was made, no certified copy of the alleged pardon was on file in the county clerk's office, nor had any certified copy been served on respond-.ent, and, the same not having been brought to respondent's attention at the earliest moment, the benefit of the pardon was waived.

2. Although an alleged certified copy was filed with the clerk on November 4th, no motion to discharge since has been made, and the motion of October 16th was premature.

This pardon lacks an address, and it fails to state the date of conviction, and erroneously recites that relator was sentenced, and it was delivered directly to the relator. None of these things should be held to have the effect of rendering the pardon invalid. Its substance left no doubt of the intention of the governor to extend executive clemency.

Neither is there a hard and fast rule as to how the pardon shall be brought to the attention of the court. A formal motion was made to discharge relator upon the ground that he had been pardoned. Evidence conclusively establishing that fact was produced and left with the circuit judge several days before the hearing, and this was a sufficient filing. The address was unimportant. The learned circuit judge evidently had doubts as to the validity of this pardon, and took a course which led to a determination of the matter without jeopardizing the rights of the State, as a discharge might have done.

The case of *People* v. *Marsh*, 125 Mich. 410 (84 N. W. 472, 51 L. R. A. 461, 84 Am. St. Rep. 584), is conclusive of the power of the governor to pardon before sentence; and we have no doubt of the validity of the instrument when signed by the governor, though by initials, and attested by the signature of the secretary of state and the great seal of the State, if otherwise regular in form and substance.

Our attention is called to statutes which seem to contemplate that pardons shall be addressed to and returned

by custodians, who enlarge the persons pardoned; but we think them directory.

We are of the opinion that the relator was clearly entitled to a discharge upon his motion of October 16th, and that the writ should issue as prayed. It will therefore be so ordered.

The other Justices concurred.