### John Baker v. The State.

#### No. 2591.    Decided June 11, 1913.

**1.—Burglary—Suspended Sentence—Verdict of Jury.**

Where, upon trial of burglary, defendant invoked the Act of the Thirty-third Legislature, known as the Suspended Sentence Law, which was submitted to the jury upon the facts, who found the defendant guilty, assessing two years imprisonment in the penitentiary and recommending a suspension of sentence, but the court sentenced the defendant to the penitentiary, holding said Act unconstitutional, the same was reversible error.

**2.—Same—Legislative Power—Constitutional Law.**

The Constitution confers upon the Legislature the authority and power to define crime and fix the punishment therefor, and when they enact a law defining a crime and fixing the penalty, it becomes the law of the land, unless it is vetoed by the Governor; and in the Act of the Thirty-third Legislature, known as the Suspended Sentence Law, the Legislature did not seek to relieve from punishment after conviction, but by a general provision of said Act provided that in certain character of cases no punishment should be assessed unless the person on trial should again violate the law.

**3.—Same—Constitutional Law—Legislative Power—Penalty.**

The Constitution does not inhibit the Legislature from passing a general law which provides that in the trial for certain offenses, defined by the Code, the question shall be submitted to the jury whether or not the person on trial has ever before committed any offense, and in the event, if they so find, that no punishment shall be undergone, etc., and the Act of the Thirty-third Legislature, supra, relates solely to the penalty to be suffered.

**4.—Same—Difference Between Former and Present Act.**

In the former Act, the judge was invested with the power to suspend upon another trial, etc., while the present act leaves the jury to pass upon the innocence or guilt of the accused and to determine whether or not he should be confined in the penitentiary.

**5.—Same—Case Stated—Practice on Appeal.**

Where, upon trial of burglary, the defendant invoked the Suspended Sentence Act, which was submitted to the jury, who in their verdict recommended such suspension, but the court sentenced the defendant to the penitentiary, the same was reversible error, and the lower court is instructed to vacate and annul the sentence and release the defendant upon proper recognizance.

Appeal from the Criminal District Court of Harris.    Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years in the penitentiary, with recommendations to suspend sentence.

The opinion states the case.

*W. W. Wander,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with burglary. The offense is alleged to have occurred on the 9th of last February, but he was not tried until the 14th day of March. What is known as the "suspended sentence" law had been passed when appellant was tried, and it carrying the emergency clause, had gone into effect. Appellant, before the trial began, filed a written request, in substance, as follows:

"Now comes the defendant in the above styled and numbered cause, and being then and there charged by indictment with the offense of burglary other than a private residence at night, and shows to the court that he has never been convicted of a felony in this State or in other State, and prays that the court instruct the jury in this case that if they find him guilty as charged in the indictment and the punishment does not exceed five years, that the said jury suspend his sentence during good behavior, during the time, if any, the jury shall assess."

In accordance with the request the court instructed the jury: "You are instructed that under the law of this State, where the proof shows the defendant is charged with burglary and that he has never been convicted of a felony in this State or in any other State, the jury has the power to delay the sentence in the case by recommending to the court in their verdict to delay sentence provided the verdict of the jury is confinement in the penitentiary for a period of not more than five years, therefore, if you find the defendant guilty of burglary as charged in the indictment and the punishment assessed by you is not more than five years, and if you further find that the defendant has never been convicted of a felony in this State or in any other State, then it is in your power to have the sentence suspended by recommending to the court that the sentence be so suspended.

"If you desire the sentence suspended let your verdict show that you find from the evidence that the defendant has never before been convicted of a felony in this State or in any other State, and let your verdict further recommend the suspension of the sentence."

The jury promptly returned the following verdict: "We, the jury, find John Baker guilty and assess his punishment at two years confinement in the State penitentiary, and further find from the evidence that he has never before been convicted of a felony in this State or in any other State, and recommend suspension of sentence."

The court, after submitting the issue, upon reflection, held the Act unconstitutional, and sentenced appellant to the penitentiary, regardless of the finding of the jury, to which action of the court appellant reserved a bill of exceptions, and brings the question to. us on appeal. In approving the bill the trial judge states his reasons in a forceful and able manner. He says:

"This bill of exceptions is approved with the following explanation:. The court is of the opinion that the Act passed by the Thirty-third Legislature, known as the 'suspended sentence law,' being Senate Bill No. 5,

is unconstitutional, and that it is subject to the same objections and in conflict with the same provisions of the Constitution as was the suspended sentence law passed by the Thirty-second Legislature.

"With this belief, I have fixed the recognizance of the defendant on appeal in the nominal sum of $10, which he has given, so that my ruling might work no hardship, and that the question might be fairly and squarely presented to the Appellate Court for decision.

"My opinion is that the effect of this Act is, if valid, to *force* the district judges to grant a *conditional pardon* during the time of the duration of the term of years fixed by the verdict of the jury when they recommend the suspension of the sentence, and to *force* the district judges to grant an *absolute pardon* after the term of years so fixed has expired upon the defendant showing that he is not under indictment for another felony, and that he has not been convicted of any other felony.

"The pardoning power belongs to the Governor, and no court in Texas can exercise it by indefinitely suspending the sentence of a convicted criminal, the suspension being subject to revocation only upon his being, during the suspension, finally convicted of another felony.

"This Act also provides that after the expiration of the time assessed as punishment by the jury, the defendant may make an application for a new trial and dismissal of the cases, and upon allegation and proof that since his former trial and conviction he has not been convicted of any other felony, and there is not then pending against him any other felony charge, the court shall then grant a new trial and dismiss the case, and thus grant an *absolute pardon,* releasing the punishment and wiping out of existence the guilt.

"The verdict of the jury recommending the suspension of sentence under the former Act had the effect only of conferring upon the court the power to consider whether he would suspend the sentence, while the present Act requires the court to suspend sentence in all cases when recommended by the jury in their verdict, the court having no discretion in the matter, but being bound by the verdict of the jury. The effect, therefore, of the present Act is to confer arbitrarily upon the jury in the first instance the power to suspend the sentence by requiring the court to follow their recommendation in all cases, and, second, to force the court, when the allegations and proof stated is made, to grant in effect an absolute pardon. The exercise of clemency is required of the court, and not invited, when the motion to set aside the verdict and for dismissal is made upon the grounds heretofore mentioned.

"The whole effect of the Act is to undertake to confer upon the jury in the first instance, and upon the court in the second, the power to suspend the sentence of a convicted criminal not to preserve the legal rights of the defendant, or because of the pendency of a motion for new trial, but merely for clemency.

"This Act, like the former Act, is contrary to article IV, section 11, of the Constitution of this State, which provides that in all criminal cases, except treason and impeachment, the Governor shall have power

after conviction to grant pardons. The court is of the opinion that under this provision of the Constitution the Governor has the power, if he sees fit to exercise it, to grant a pardon, after conviction by the jury and judgment on the verdict, before sentence or while the case is pending on appeal.

"This pardon may be either absolute or conditional, and except as to cases of treason and impeachment, is not limited in criminal cases except that, as stated in Cameron v. State, 32 Texas Crim. Rep., 180, the pardoning power can only be invoked after conviction.' In the case of Snodgrass v. State, 150 S. W. Rep., 162, the Court of Criminal Appeals, to my mind, conclusively demonstrates that the words 'after conviction' does not embrace the sentence, but simply means the verdict of conviction and the judgment on the verdict, the opinion clearly showing that from our first code a pardon was a legal reason to be interposed in bar of sentence, and that subsequent Constitutions and Codes had been adopted and revised with the same provisions, thereby adopting its construction.

"In Blair v. Commonwealth, 25 Grat., 850 (Va.), it was held that the Governor had authority to pardon a person convicted of a felony by the verdict of a jury before sentence was passed upon him by the court.

"In Cole v. State, 106 S. W. Rep., 673, a pardon was held valid which was granted while the appeal of the defendant was pending in the Supreme Court of Arkansas, the Constitution of that State giving the Governor power to pardon 'after conviction.'

"In Parker v. State, 53 S. W. Rep., 1092, the defendant introduced a pardon in bar of sentence and the Supreme Court of Tennessee held that he was entitled to then plead it.

"In Ex parte Collins, 6 S. W. Rep., 345, the Supreme Court of Missouri held that the words 'after conviction' as contained in the Constitution giving the Governor the power to pardon after conviction means after the return of a verdict of guilty.

"In Stafford v. Benzie Circuit Judge, 98 N. W. Rep., 741, 136 Mich., 25, the defendant before sentence received a pardon from the Governor which recited that he had been convicted and sentenced, whereas he had not been sentenced. The court held that the Governor had power to pardon before sentence. The Michigan Constitution limits the pardoning power so that a pardon can only be legally issued after conviction. In People v. Marsh et al., 84 N. W. Rep., 472, 125 Mich., 410, the pardon was issued after verdict and before sentence, and it was contended that under the Constitution of Michigan which gave the Governor power to pardon after conviction that he had not authority to grant a conditional pardon prior to the sentence where the conditions were to be performed subsequent to the taking effect of the pardon. The court citing Com. v. Lockwood, 109 Mass., 323 (12 Am. Rep., 699), held that there had been a conviction within the meaning of the Constitution so that the executive clemency might be invoked, and held the pardon valid.

"In Com. v. Lockwood, supra, the court said that the ordinary mean-

ing of the word 'conviction' when used to designate a particular stage of a criminal prosecution triable by a jury is the confession of the accused in open court or the verdict returned against him by the jury which ascertains and publishes the fact of his guilt, while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had declaring the consequences to the convict of the fact thus ascertained. The Constitution of Massachusetts provided that no pardon granted 'before conviction' should be of avail, and in this case Lockwood pleaded a pardon after verdict and before sentence, and it was held valid.

"In Manlove v. State, 53 N. E. Rep., 385 (Ind.), the defendant was convicted of seduction and was sentenced and appealed, and pending appeal, accepted a pardon from the Governor conditioned on good behavior, and his appeal was dismissed for this reason.

"In State v. Alexander, 22 Am. Rep., 675, 76 N. C., 231, the Constitution provided that the Governor should have power to pardon 'after conviction,' and Alexander was pardoned pending his appeal, and it was held valid.

"In this case the meaning of the word 'convicted' was aided by other provisions of the Constitution, the same as the same word in our Constitution is aided by the provisions of our Code as to pleas in bar of sentence, and the adoption of subsequent Constitutions recognizing the legislative construction of the term 'after conviction.' That the word 'conviction' was not used in the Constitution as demanding a sentence is clearly shown by the Snodgrass case, supra, and it is also to be inferred from the fact that no sentence is necessary in a misdemeanor case, but it seems clear that it was only meant to mean that the Governor had no power to pardon 'before conviction,' and the statutes and previous Constitutions and the decisions show that such was the legal understanding and use of those words at the time of the adoption of the Constitution, so far as they relate to the pardoning power.

"In Gilmore v. State, 108 Pac. Rep., 416, 3 Okla. Cr., 639, it is held that where a pardon is granted and accepted and brought to the attention of the Appellate Court pending the appeal, that the appeal will be dismissed.

"In Ex parte Campion, 112 N. W. Rep., 585, it is not clear that the pardon was granted before sentence, it was said that there should be a judgment on the verdict and a sentence, but the Constitution of Nebraska requires that the Governor shall communicate to the Legislature each case of pardon granted, stating the sentence and its date, while in Texas it is only required that the Governor shall file in the office of the Secretary of State his reasons for granting the pardon.

"Whether the defendant was a proper subject for clemency was left to the discretion of the judge under the former suspended sentence law, while in the Act now in question the jury is the final arbiter whether the defendant is so fit. Under the former Act if the jury recommended a suspension of the sentence and the judge saw fit to adopt their recom-

mendation the judge declined to pronounce sentence, and defendant was released pending good behavior. Under the present Act if the jury recommends suspension the judge is without discretion but is required to omit the sentence of final judgment, and is without authority to ever pronounce sentence on the verdict unless pending the suspension the defendant should be convicted of another felony. If the defendant is charged with another felony during the suspension of sentence and same is pending when he seeks his absolute pardon from the court, then this Act makes provision to further suspend the sentence to await the final disposition of such other prosecution, but there is no provision to ever sentence the defendant should such other prosecution terminate adversely to the defendant. The only time the court could ever sentence a convicted defendant under suspended sentence is upon final conviction of the defendant of any other felony *pending* the suspension of sentence.

"The word conviction is used in our Code with different meanings. Article 321 of the Code of 1911 makes it a felony for any officer, jailer, or guard, who has the legal custody of any person 'convicted' of a felony less than capital· to wilfully permit him to escape. If correctly construed, the word 'convicted' would mean after verdict of conviction, and the fact that the prisoner had not been sentenced would be a lame defense.

"The statute making a person incompetent to testify who had been or may be convicted of felony has been construed to mean that sentence has been passed and has become final.

"I do not deem it necessary to refer to these cases further than to say the difference between a conviction necessary to entitle a person to legally receive a pardon from the Governor, and a conviction which carried with it civil disabilities are clearly two different matters, the distinction being clearly drawn and discussed in the opinion of the Appellate Court of this case in the Snodgrass case, above referred to.

"Enough has been stated to show that this Act is also contrary to the Bill of Rights, section 28, of which is: 'No power of suspending laws in this State shall be exercised except by the Legislature.' The strength of this section of the Bill of Rights is emphasized when it is remembered that it formerly read 'by the Legislature or its authority.' Here this Act seeks to confer upon the jury the arbitrary power to suspend a sentence which the law requires shall be passed upon a convicted criminal, and this power may be exercised by the jury in a way not responsive to any written law uniform and equal in its operation, but arbitrarily. Two juries might on the same testimony and the same charge where two defendants were of equal age and no apparent difference in habits or in any other respect suspend the sentence as to one and decline to do it as to another. The Legislature can not delegate this power to the juries to suspend the operation of a criminal law of this State by leaving it to their arbitrary whim, caprice, or judgment as to when they will pronounce a defendant guilty and then in the same verdict grant a conditional pardon."

If the learned trial judge is correct that this is an effort to suspend

or remit punishment after verdict of conviction and penalty fixed, his contention should be sustained. But is this a correct construction of Senate Bill No. 5, as passed by the Thirty-third Legislature? The bill in terms provides that in certain cases, if the person on trial requests it be done before the trial is begun, the court shall submit certain matters to the jury for their determination, and upon which they may base a verdict and recommendation.

There is no doubt but what the Constitution confers upon the Governor the sole and exclusive right to grant pardons, and that the Legislature, courts nor juries can usurp or have that authority conferred on them. But the Constitution also confers upon the Legislature the authority and power to define crimes and fix the punishment therefor, and when they enact a law defining a crime and fixing the penalty, unless vetoed by the Governor, it becomes the law of the land. They would have the authority and power to define burglary as an offense, and provide that when a person is charged with that offense, he may, by showing that this was his first offense, be not punished at all, but that for the second or any subsequent offense he should be punished as the Act should provide. The Thirty-third Legislature, in Senate Bill No. 5, does not seek to relieve from punishment after conviction, but by a general provision to provide that in certain character of cases no punishment should be assessed unless the person on trial should again violate the law, and would make the burglary statute read as follows as applicable to this case: "The offense of burglary is constituted by entering a house by force with the intent to commit the crime of theft, and the punishment for the crime shall be imprisonment in the penitentiary not less than two nor more than twelve years, provided that if before trial the person charged with the offense shall request in writing that the issue of whether or not he has ever before been convicted of a felony shall be submitted to the jury, and if the jury shall find that such person ought not in any event be confined in the penitentiary for a longer time than five years, and has never before been convicted of a felony, they may in their verdict further find that no punishment shall be assessed, if within a given period of time he commits no other offense against the laws of this State, but in the event he shall commit another offense, then he should be punished by confinement in the penitentiary for a given period of time as stated in their verdict."

While the power of the Governor alone under our Constitution to grant pardons can not be questioned, yet it is equally beyond question that the Legislature has the sole power to define offenses and fix the punishment to be inflicted on the offender. Our Penal Code provides, article 5: "In order that the system of penal laws in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission unless the same is made a penal offense, *and a penalty affixed thereto by the written law of this State.*" The power to determine that penalty is not conferred on the executive nor

the judiciary, but is confided solely to the legislative branch of the government, and neither we, nor the Governor, have authority or power to prescribe to the legislative department what acts of omission or commission shall be made penal offenses, or what punishment shall be assessed for a violation of such penal laws. This power is confided solely to the legislative branch of the government, and in this Act the Legislature has not sought to excuse from punishment any one after conviction and penalty assessed. As the Code has provided in defining principals that all persons are guilty who act together in the commission of an offense, and even though one should commit an offense, if another is present, and encourages him in the act, he is likewise guilty, which general provision is applied to and read into each and every article of the Code defining offenses, so should this general provision in regard to punishment be read into and applied to each article of the Code prescribing the punishment for such offense. Section 1, of article 2, of the Constitution provides that the powers of the government shall be divided into three distinct departments. Those which are legislative to one; those which are executive to another, and those which are judicial to another, and no person being of one of these departments shall exercise the power properly attached to either of the others. And section 1, of article 3, provides that the legislative power shall be vested in a senate and house of representatives, which together shall be styled "the Legislature," and in article 13 certain powers are specifically conferred on the Legislature, which is to enact laws, and the Governor or the judiciary have no more authority to invade the power conferred on the Legislature than has the Legislature to invade and usurp the power of the Governor to grant pardons. The passage of this law, misnamed a "suspension of sentence," is a legislative Act, passed within the scope of the power which they and they alone possess, to fix by law the punishment of any and all penal offenses. It does not authorize a jury or the courts to suspend any law of this State, but the Legislature *by law* has provided that in given contingencies no punishment shall be suffered for the first violation of certain provisions of the Penal Code. It is also true that the Constitution provides that no law shall be revised or amended by reference to its title, but in amending laws the section amended shall be re-enacted and published at length. But no one doubts that by a general law applicable to all crimes, or certain enumerated crimes, the Legislature could provide that no punishment should be assessed if the jury should in their verdict find that it was the first offense committed by the person on trial, and if they could so provide by general law, the Constitution does not inhibit them from passing a general law, which provides that in the trial for certain offenses defined by the Code the question shall be submitted to the jury whether or not the person on trial has ever before committed any offense, and as they could have provided, that in the event they so found, no punishment should be undergone, so they can also provide that in the event the jury

so finds and recommends that no punishment be suffered, no punishment shall be assessed, unless within the period named he shall again be found guilty of violating the laws of the State, in which event he shall not only be punished for the second violation but shall also be punished for the first violation the period of time fixed by the jury. The law may be awkwardly expressed, but the intent and purpose of the law and the legislative will is made plain by its terms, and by a proper construction thereof it will be found to be in conflict with no provision of the Constitution, and we hold the Legislature had the power and authority to enact it, that it is not unconstitutional; that it relates solely to the penalty to be suffered, and the Legislature has the power and authority to fix the punishment and penalty for every character of offense.

The difference in this law and the one passed by the Thirty-second Legislature, and which was held unconstitutional, is manifest. In the former Act it was provided that after the guilt of the person on trial was determined and his punishment assessed in accordance with the written law of the State, the trial judge should hold *another trial, hear evidence* and determine whether or not he would relieve from punishment fixed by the jury and judgment of conviction. In this latter Act, the law is so written that it becomes a part of each article of the Code prescribing the punishment, and in accordance with the provisions of our Constitution and Bill of Rights, that "the right of trial by jury shall remain inviolate," in the law it is provided that the jury in passing on the guilt or innocence of the accused shall also hear evidence as to the life he has formerly led, and determine whether or not he is such a person as should be confined within the walls of the penitentiary. If they find from this evidence that the best interest of the citizen on trial and of the State will be subserved by compelling him to undergo no punishment, the Legislature has so framed the law as to give them the right to so provide in their verdict, coincident with and as a part of their verdict, and neither the district judge nor this court can gainsay their verdict.

Much could be written as to why this law violates no provision of the Constitution, invades no power conferred on any other branch of the government, but we deem it unnecessary. The Legislature had and has hopes of reforming first offenders and thus aiding them in becoming good and useful citizens, and we may be excused for saying that we are glad that the law is so framed this time that we can sustain it. If in but few cases the object intended is accomplished, yet if but one wayward man or boy is restrained and reformed, the best interest of the State will be subserved. Such being our judgment, it is our opinion this case should be remanded to the District Court of Harris County, with instructions to vacate and annul the sentence theretofore announced by the court, and appellant be released upon his entering into recognizance as provided by law. We can not set aside the verdict of the jury; appellant does not seek that relief, but merely hold that the sentence pronounced at the time it was rendered, being unauthorized by

law, is absolutely void, and under such circumstances appellant is entitled to be released upon recognizance. The court could not accept the verdict of the jury and permit it to stand, and yet refuse to abide by it. However, he would have authority to set aside the entire verdict, if, in his judgment, it should be done, and again try the defendant on the charge.

*Reversed and remanded with instructions.*