Roy Brown and Charles Dispenette, alias C. E. Douglass, v. The State.

No. 2638.   Decided June 27, 1913.

Theft—Suspended Sentence Act—Practice on Appeal.

Where, upon trial of theft, the jury, by their verdict found the defendant guilty, assessing his punishment at five years imprisonment in the penitentiary and recommended a suspension of sentence, under the Act of the Thirty-third Legislature, which the court disregarded, the case must be reversed with in-

structions to release the appellant upon proper recognizance. Following Baker v. State, 70 Texas Crim. Rep., 618, recently decided.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft over the value of $50; penalty, five years imprisonment in the penitentiary with recommendations to suspend sentence.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellants were prosecuted and convicted for theft and their punishment assessed at five years confinement in the penitentiary. The jury, however, in their verdict, under proper instructions from the court, find "that the defendants have never heretofore been convicted of a felony in this State or in any other State, and recommend a suspension of sentence by the court."

The court, however, ignored this portion of the verdict of the jury, and sentenced them to the penitentiary. Recently in the case of Baker v. State, 70 Texas Crim. Rep., 618, we had this question before us and held the court had no authority to pass sentence upon such a verdict, under the law of this State. The sentence is a nullity because in violation of the statute, and this cause is remanded with instructions to release the prisoners upon recognizance as is provided by chapter 7 of the Acts of the Thirty-third Legislature.

Remanded with instructions.

*Reversed and remanded with instructions.*