## WALLER v. STATE.

(Court of Criminal Appeals of Texas.  June 27, 1913.)

CRIMINAL LAW (§ 1097*) — APPEAL — STATE-MENT OF FACTS—MOTION FOR NEW TRIAL.

Questions raised by motion for new trial cannot be considered in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Montague County Court; A. W. Ritchie, Judge.

J. P. Waller was convicted of an aggravated assault, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was charged, tried, and convicted of an aggravated assault. There is neither a statement of facts or any bill of exception in the record. No question is raised by the motion for new trial which we can consider in the absence of a statement of facts.

The judgment is therefore affirmed.

---

## MARTIN v. STATE.

(Court of Criminal Appeals of Texas.  June 27, 1913.)

CRIMINAL LAW (§ 885*)—PUNISHMENT—SUS-PENDED SENTENCE—POWER OF COURT.

Where the jury found that accused had never before been convicted, and specifically recommended a suspension of his sentence, the trial court cannot sentence him to the penitentiary, but must heed the recommendation of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2108; Dec. Dig. § 885.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

F. T. Martin was convicted of burglary. From a judgment sentencing him to the penitentiary, he appeals. Remanded, with instructions to suspend sentence.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at four years.

The matters set forth in the suspended sentence act of the Legislature were properly submitted by the court to the jury. They found all these issues in favor of appellant. The court, however, declined to suspend the sentence, although the jury specifically recommended it. On account of this error of the court, this case will be remanded to the criminal district court of Harris county, with instructions to enter suspension of sentence in accordance with the finding of the jury. This case is in the same attitude as the recent case of Baker v. State, 158 S. W. 998, from the same county, the opinion in which was delivered by Judge Harper. This judge

will follow the directions and instructions therein set out.

The cause is remanded to the criminal district court of Harris county, with instructions to render the judgment in accordance with the finding of the jury.