[Crim. No. 2082. First Appellate District, Division One.—August 1, 1939.]

In the Matter of the Petition of FRANK B. ANDERSON for a Writ of Habeas Corpus.

Len H. Honey and Honey & Mayall for Petitioner.

A. E. Bagshaw, District Attorney (Marin County), for Respondent.

PETERS, P. J.—In December of 1938 petitioner, Frank B. Anderson, was found guilty by a jury of the felony of criminal conspiracy as defined in section 182 of the Penal Code. The date for sentence was set for January 4, 1939. On January 1, 1939, the then governor, Frank F. Merriam, upon application of petitioner, issued to petitioner an unconditional pardon. The trial court held the pardon invalid, and on January 4, 1939, proceeded to sentence petitioner, and to place him on probation on certain terms and conditions. The petitioner refused to accept the conditions imposed, whereupon probation was revoked. Petitioner now seeks his discharge on *habeas corpus*, contending the pardon is valid and that his further detention is unlawful.

Article VII of the Constitution is the section which defines and limits the power of the governor to grant pardons. The first and third sentences of the section read as follows:

"The governor shall have the power to grant reprieves, pardons, and commutations of sentence, *after conviction*, for all offenses except treason and cases of impeachment, upon

such conditions, and with such restrictions and limitations, as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. . . . The governor shall communicate to the legislature, at the beginning of every session, every case of reprieve or pardon granted, stating the name of the convict, the crime for which he was convicted, the sentence, its date, the date of the pardon or reprieve, and the reasons for granting the same. . . . "

■ In the instant case, the problem presented is whether an unconditional pardon granted after a verdict of guilty, but before sentence and judgment, is a pardon granted "after conviction" within the meaning of the above-quoted provision. This precise question has never been passed upon by the appellate courts of this state. It has, however, received consideration by the courts of other states. Most state constitutions, in an attempt to prohibit the abuses existent at common law under which the crown exercised the power of pardon at any time, contain a provision similar to the one above quoted limiting the pardoning power to situations where there has been a "conviction". In interpreting these provisions the majority of the states have held that the word "conviction" so used must be given its ordinary legal meaning, namely, that the term refers to the verdict of guilty or confession of the defendant in open court and does not refer to the sentence or judgment. The applicable rule is stated as follows in 20 Ruling Case Law, page 539, section 21:

"The ordinary legal meaning of 'conviction', when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or a verdict returned against him by a jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained. A conviction then within the meaning of these constitutional provisions is a stage of the proceedings which precedes the judgment or sentence of the court, which later serves merely as the basis of an appeal or execution, and not to enlarge the verdict or aid in the determination of the guilt of the accused. That being so, sentence by the court is not essential to the comple-

tion of a 'conviction', and is not a necessary precedent to the exercise of the pardoning power.''

This rule of construction finds support in many cases. (See *Commonwealth* v. *Lockwood,* 109 Mass. 323 [12 Am. Rep. 699]; *State* v. *Moise,* 48 La. Ann. 109 [18 So. 943, 35 L. R. A. 701]; *People* v. *Marsh,* 125 Mich. 410 [84 N. W. 472, 84 Am. St. Rep. 584, 51 L. R. A. 461]; *Spafford* v. *Benzie,* 136 Mich. 25 [98 N. W. 741]; *State* v. *Garrett,* 135 Tenn. 617 [188 S. W. 58, L. R. A. 1917B, 567]; *Battistelli* v. *State,* 141 Tenn. 565 [213 S. W. 417]; *Duke* v. *State,* 106 Tex. Cr. 154 [291 S. W. 539]; *Goss* v. *State,* 107 Tex. Cr. 659 [298 S. W. 585]; see, also, *State* v. *Alexander,* 76 N. C. 231 [22 Am. Rep. 675].) A minority of the states hold that the term ''conviction'' in such constitutional provisions should not be given its popular meaning, but should be interpreted in a strict technical legal sense. So interpreted these courts have held that the term denotes the final judgment of the court and that a verdict of guilty without the imposition of sentence is not, therefore, a conviction. (*Ex parte Campion,* 79 Neb. 364 [112 N. W. 585, 126 Am. St. Rep. 667, 16 Ann. Cas. 319]; *Ex parte White,* 28 Okl. Cr. 180 [230 Pac. 522]; *Gilmore* v. *State,* 3 Okl. Cr. 639 [108 Pac. 416, 139 Am. St. Rep. 981].)

The reasoning of the cases stating the majority rule seems to us to be sound. There would seem to be no reason why the word ''conviction'' in article VII, *supra,* should not be accorded its normal popular meaning. The rule is well settled, of course, that in interpreting words found in a statute or constitution, such words as have both a popular and a technical meaning should be accorded their popular meaning, unless the nature of the subject indicates, or the context suggests, that they are used in a technical sense. (23 Cal. Jur. 749, sec. 124.)

Although, as already stated, the courts of this state have never passed on the meaning of the term ''conviction'' as used in article VII, *supra,* they have, in several cases, interpreted the term as used in several statutes. In all but one case, hereafter mentioned, it has been held that the term ''conviction'' should be interpreted as meaning the verdict of guilty, and that sentence and judgment are not necessary to constitute a conviction. In *Ex parte Brown,* 68 Cal. 176 [8 Pac. 829], the precise question involved was

whether or not a person after verdict but before sentence and judgment could be admitted to bail under a statute permitting admission to bail pending appeal "after *conviction* of an offense not punishable with death". After reviewing many of the authorities the court held that (p. 180) :

"The foregoing references show that the ordinary meaning of the word 'conviction' is the verdict of guilty pronounced by a jury. As said by Read, J., speaking for the court in *State* v. *Alexander, supra*: 'The word is ordinarily used to denote the verdict of the jury, guilty. How did the jury find? Guilty; or they convicted him. What did the judge do? Sentenced him to be hanged. This is the language ordinarily used in such matters, both in conversation and in books, law and literary. It is never said that the jury sentenced him nor that the judge convicted him.' (76 N. C. 232.)

"Now, while the word may be used as signifying the sentence pronounced on the verdict, or the record of conviction, including *inter alia* the verdict and sentence, still such meaning ought not to be attributed to it, unless there is something in the context to indicate that it was used in such sense. . . . "

In *People* v. *Ward*, 134 Cal. 301 [66 Pac. 372], the defendant on appeal contended that a judgment against him should be reversed for the reason that on the trial one of his witnesses on cross-examination had been asked whether he had been convicted of a felony. It was shown that he had been found guilty of a felony by a verdict of a jury but had not been sentenced. Section 2051 of the Code of Civil Procedure permits the impeachment of a witness by a showing that he has been "*convicted* of a felony". It was contended that this witness, not having been sentenced, had not been "convicted", and that, therefore, he could not be so impeached. The Supreme Court held that within the meaning of the section the witness had been convicted and that sentence is not necessary to a conviction. On this point the court stated (p. 307) :

"It is contended that at the time the witness testified he had not been 'convicted of a felony'; that to sustain the ruling of the court, it must be assumed, as a matter of law, that the verdict of guilty constituted a 'conviction'. That such verdict does constitute a conviction, within the ordinary as well as the technical meaning of the word, seems to be well

settled. Blackstone (book 4, p. 362), after speaking of the verdict of acquittal, says: 'But if the jury find him guilty, he is then to be convicted of the crime whereof he stands indicted. Which conviction may accrue two ways: either by his confessing the offense and pleading guilty, or being found so by the verdict of his country.' "

Both of the above cases, in reaching the conclusion that "conviction" meant the verdict of guilty, emphasized that throughout the Penal Code the terms "convict" and "conviction" are used to indicate the verdict of the jury and not the sentence of the court. That this is so, see sections 671, 689, 1151, 1157, 1161, 1207, 1217, 1218 and 1445 of the Penal Code.

In *McKannay* v. *Horton*, 151 Cal. 711 [91 Pac. 598, 121 Am. St. Rep. 146, 13 L. R. A. (N. S.) 661], the specific question presented was whether after verdict *and judgment*, but while an appeal was pending a person was "convicted of a felony" within the meaning of a charter provision. The majority of the court held he was so convicted. Justice Angellotti, in a concurring opinion, held that the person involved was in fact convicted upon the rendition of the verdict. In so holding he stated (p. 722):

"While I have concurred in the foregoing, I deem it proper to add that I am satisfied that the effect of the charter provision declaring that an office 'becomes vacant when the incumbent thereof dies, resigns, is adjudged insane, convicted of a felony', etc., was to create a vacancy in the office of mayor upon the rendition and entry of the verdict of conviction against the then incumbent. One is 'convicted' of a crime when a verdict of guilty has been so given and entered against him, or when a plea of guilty has been given and entered. This is the well-settled meaning of the term as ordinarily used in our constitutional and statutory provisions, and I can see no warrant for concluding that it was used in any other sense in the charter provision under discussion. Under this view, it is entirely immaterial whether or not judgment has been given upon the conviction, or whether or not the execution of any judgment so given has been stayed by an appeal. The vacancy in the office is in no way dependent upon any judgment given on the conviction, but was fully and finally created by the happening of the event specified,—viz. the rendition and entry of the verdict of conviction."

There is nothing contrary to the reasoning of these cases in *In re Riccardi*, 182 Cal. 675 [189 Pac. 694]. That case, while recognizing that the ordinary meaning of the term "conviction" does not include judgment or sentence, held, because of the peculiar consequences that would follow from a contrary construction under the facts of that case, that the term must be given a technical meaning. We see no reason for according the term as used in article VII, *supra*, any other than its usual, ordinary and general meaning.

Respondent, while recognizing that the term "conviction" as used in most statutory and constitutional provisions means verdict or plea of guilty and does not include judgment or sentence, contends that the term as used in article VII must be given a different meaning for the reason that the context of the section compels a different interpretation. He bases this contention on the third sentence of the constitutional provision which reads as follows: "The Governor shall communicate to the Legislature, at the beginning of every session, every case of reprieve or pardon granted, stating the name of the convict, the crime for which he was convicted, *the sentence,* its date, the date of the pardon or reprieve, and the reasons for granting the same." It is contended that if the governor is required to report the sentence in the case of every pardon granted, that the term "conviction" in the first sentence of the section must be interpreted as including sentence. It is true that in Nebraska and Oklahoma the Supreme Courts of those states in the Campion and White cases, *supra,* in interpreting a similar constitutional provision and in reaching the conclusion that the pardoning power was limited to cases where judgment had been entered, placed some emphasis on the above-quoted sentence. We do not think, however, that the above-quoted portion of the section compels the construction contended for by respondent. Obviously the purpose of the third sentence was to compel the governor to disclose every pardon and commutation granted. In furtherance of this object it was provided that certain pertinent information, including the sentence imposed, should be disclosed. If no sentence has been imposed obviously none can be reported. The third sentence of article VII in no way qualifies or explains the first sentence. The first sentence confers the pardoning power as there limited on the governor. Compliance or noncompliance with the require-

ments of the third sentence in no way affects the validity of a pardon granted under the first sentence.

For the foregoing reasons we conclude that under the provisions of article VII of the Constitution the governor may, and in this case properly did, pardon after verdict of guilty and before sentence and judgment.

The writ is granted and the petitioner discharged.

Knight, J., and Ward, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1939.