prohibition law, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. From a conviction for violating the prohibition law, appellant prosecutes an appeal to this court.

The first ground in the motion for new trial complains of the insufficiency of the testimony to sustain the conviction. We have read the testimony carefully, and think the facts would sustain the verdict. That Jim Thurman obtained a pint of whisky from W. S. Ely, appellant, is shown by the testimony of all the witnesses, both for the state and appellant; but Jim Thurman, the alleged purchaser, and appellant, both testify that it was a gift from appellant to him. So the only contested issue in the case is: Was it a sale or gift of the whisky? No witness testifies that they saw appellant deliver the whisky to Thurman, nor Thurman pay appellant any money or promise to pay him any; but the sheriff and constable testify to facts and circumstances which would authorize the finding that there was a delivery of the whisky, and circumstances which would authorize the jury to find that there was a sale. But this depends entirely upon circumstantial evidence, and must be deduced from the circumstances. Appellant admits delivery of the whisky to Thurman, but says it was a gift. As there is no positive testimony of a sale, but there is positive testimony as to a gift, and the state sought to overcome this by circumstantial evidence, we think the court should have so instructed the jury upon the request of appellant.

The judgment is reversed, and the cause remanded.

---

RAY v. STATE.

(Court of Criminal Appeals of Texas. June 27, 1913.)

1. INDICTMENT AND INFORMATION (§ 125*)— STATUTORY OFFENSES — JOINDER OF OFFENSES.

In a statutory misdemeanor case the information may allege the offense to have been committed in all the ways named in the statute, though it may be better to divide the information into separate and distinct counts.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

2. CRIMINAL LAW (§ 1097*)—APPEAL—STATEMENT OF FACTS—MOTION FOR NEW TRIAL—REVIEW.

Questions raised in the motion for new trial are not reviewable in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Orange County Court; O. R. Sholars, Judge.

Turk Ray was convicted of crime, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. [1] In one count the information charges the offense denounced by article 557 of Code Cr. Proc. 1911 to have been committed in all the ways denounced therein, except there is no allegation that the betting was done at a gaming table or bank. It would have been better to have divided the information into separate and distinct counts, but in a misdemeanor we understand our decisions hold that an information may allege the offense to have been committed in all the ways named.

[2] The information being sufficient, and no statement of facts accompanying the record, no question is raised in the motion for new trial we can review.

The judgment is affirmed.

---

BROWN et al. v. STATE.

(Court of Criminal Appeals of Texas. June 27, 1913.)

CRIMINAL LAW (§ 885*) — SENTENCE — SUSPENDED SENTENCE.

Where the jury found that the present conviction of theft was accused's first offense and recommended suspension of sentence, the trial court could not sentence accused to the penitentiary but must release him upon such recognizance as is provided by Acts 33d Leg. c. 7.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2108; Dec. Dig. § 885.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Roy Brown and another were convicted of theft, and, from a judgment sentencing them to the penitentiary they appeal. Remanded, with instructions.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. In this case the appellants were prosecuted and convicted for theft and their punishment assessed at five years' confinement in the penitentiary. The jury, however, in their verdict, under proper instructions from the court, find "that the defendants have never heretofore been convicted of a felony in this state or in any other state, and recommend a suspension of sentence by the court." The court, however, ignored this portion of the verdict of the jury and sentenced them to the penitentiary. Recently in the case of Baker v. State, 158 S. W. 998, we had this question before us and held the court had no authority to pass sentence upon such a verdict under the law of this state. The sentence is a nullity because in violation of the statute, and this cause is remanded, with instructions to release the prisoners upon recognizance as is provided by chapter 7 of the Acts of the Thirty-Third Legislature.

Remanded, with instructions.