PEOPLE v. MARSH.

1. PARDONS—CONVICTION—EXCEPTIONS BEFORE SENTENCE.
   Under Const. art. 5, § 11, which authorizes the governor to grant pardons "after conviction," a pardon issued to one found guilty of a crime, pending a review in the Supreme Court on exceptions before sentence, is valid, since its acceptance is an admission of guilt and a waiver of the right to review.

2. SAME—ADVISORY BOARD.
   1 Comp. Laws 1897, § 141 *et seq.*, creating an advisory board of pardons, with authority to investigate applications for pardon and to advise the governor concerning them, does not preclude the direct exercise of executive clemency without the mediation of the board.

3. SAME—CONDITIONS—VALIDITY.
   Under Const. art. 5, § 11, authorizing the governor to grant pardons on such conditions as he may think proper, a pardon conditioned on the payment annually, for five years, of a cer-

tain sum of money to the county in which the conviction was
had, for the purpose of reimbursing it for the expense incurred
in the prosecution, is valid.

Exceptions before judgment from Ingham; Wiest, J.
Submitted December 11, 1900. Decided December 19,
1900.

Arthur F. Marsh was convicted of being an accessory
to the crime of fraud and embezzlement in office:  On
respondent's motion to dismiss appeal and remand cause.
Granted.

*John J. Speed* and *F. A. Baker*, for the motion.

*Horace M. Oren*, Attorney General, *Arthur J. Tuttle*,
Prosecuting Attorney, and *Edward Cahill*, *contra*.

MOORE, J.    April 5, 1900, the respondent was convicted
in the circuit court for the county of Ingham of the crime
of being an accessory and of aiding and abetting William
L. White, quartermaster general of this State, in the
crime of fraud and embezzlement in said office.    Before
sentence, but after conviction in the circuit court, the
respondent brought his case into this court by a bill of ex-
ceptions.    While the case was still pending in this court,
the governor issued a pardon to the respondent, the
material part of which, so far as this discussion is con-
cerned, reads as follows:

"Now, therefore, know ye that I, Hazen S. Pingree,
governor as aforesaid, by virtue of the power and author-
ity in me vested, do hereby pardon the said Arthur
F. Marsh of and from the offense whereof he was
convicted as aforesaid.    On condition, however, that
said Arthur F. Marsh pay into the treasury of Ingham
county, in the State of Michigan, for the purpose of reim-
bursing the said county of Ingham for the expense in-
curred in his prosecution, the sum of one thousand dollars
on the first day of January, A. D. 1901; one thousand
dollars on the first day of January, A. D. 1902; one thou-
sand dollars on the first day of January, A. D. 1903; one

thousand dollars on the first day of January, A. D. 1904; and one thousand dollars on the first day of January, A. D. 1905,—a total sum of five thousand dollars.

"And provided, further, that, should said county of Ingham for any reason decline to receive said sums of money to be so paid, the same shall be paid into the State treasury of the State of Michigan.

"This pardon is to take immediate effect."

After this pardon was issued, the respondent called the attention of the court to its issuance, and filed a certified copy of it with the court. He asks the court for an order remitting the record to the circuit court for the county of Ingham, with directions to that court to refrain from entering any judgment or sentence upon the conviction, and to discharge the respondent and his sureties upon any recognizance he may have given. The people, through the attorney general and the prosecuting attorney for Ingham county, oppose this action for the following reasons:

1. The said pardon is void for the reason that it does not indicate and set forth that the application therefor was referred to, investigated or passed upon or a recommendation made thereon by, the advisory board in the matter of pardons.

2. Said pardon is void for the reason that, under the Constitution and laws of this State, the governor of the State has no authority to grant a conditional pardon prior to the pronouncement of sentence, where the condition imposed is not a condition precedent to the taking effect of the pardon.

3. Said pardon is void because the conditions embodied therein are not enforceable.

Section 11, art. 5, of the Constitution of the State, provides that the governor—

"May grant reprieves, commutations, and pardons after convictions, for all offenses except treason and cases of impeachment, upon such conditions, and with such restrictions and limitations, as he may think proper, subject to regulations provided by law relative to the manner of applying for pardons."

The important question in this case is, Has there been a conviction of the respondent, within the meaning of the Constitution, so that executive clemency may be invoked? It is urged that, before the governor can exercise the pardoning power, there must be a sentence of court as well as a conviction.   A like question was involved in the case of *Com.* v. *Lockwood*, 109 Mass. 323 (12 Am. Rep. 699). In that case the respondent was indicted for cheating by false pretenses.   He was tried and convicted.   He removed his case to the supreme court by entering therein a bill of exceptions.   While the case was still pending, he was pardoned by the governor.   He then came into the superior court, and pleaded his pardon, and asked to be discharged.   The attorney for the Commonwealth contended, as is contended here, that the governor cannot pardon until conviction is established by the judgment of the court upon a verdict of guilty.   The opinion in the case is written by Justice Gray.   It is a very learned and exhaustive discussion of the question involved.   A reference to that opinion will answer the purpose of this discussion better than an attempt to restate the law.   He cites many instances where the pardoning power has been invoked after conviction, and while the case was pending in the court of review.   In the course of the discussion he uses this language:

"It was argued for the Commonwealth that the defendant could not be said to be convicted at the time when this pardon was granted, because a bill of exceptions was then pending in this court to the rulings under which he had been found guilty, and that, after pleading the pardon, he might still prosecute his exceptions, and, if they should be sustained, have the verdict set aside.   But it is within the election of the defendant whether he will avail himself of a pardon from the executive, be the pardon absolute or conditional.   If he does not plead the pardon at the first opportunity, he waives all benefit of the pardon.   If he does so plead it, he waives all other grounds of defense. Staunf. P. C. 150; J. Kelyng, 25; 4 Bl. Comm. 402; *U. S.* v. *Wilson*, 7 Pet. 150.   The pleading of the pardon in the superior court would therefore be *ipso facto* a waiver of

his exceptions. A still more conclusive answer to this objection is that at the time of the adoption of the constitution, and for many years afterwards, no bill of exceptions was permitted by law. It was first given to the rulings of a justice of this court by Stat. 1804, chap. 105, § 5, and to the rulings of the court of common pleas by Stat. 1820, chap. 79, § 5. The providing by the legislature of a new form of presenting questions of law to the court does not make the verdict of a jury, so long as it stands, less than a 'conviction,' and cannot abridge the prerogative of the executive under the constitution. *Ex parte Garland*, 4 Wall. 333, 380."

The case of *Manlove* v. *State*, 153 Ind. 80 (53 N. E. 385), is in point upon this feature of the case, as well as upon another, which will appear later. Manlove was convicted of seduction, and sentenced to a reformatory. He appealed the case to the supreme court. The attorney general moved to dismiss the appeal because the respondent had married the complaining witness, and had accepted the pardon of the governor. The respondent opposed this motion, and insisted he was entitled to the opinion of the court of review, because that part of the judgment of the court below which assessed a fine and costs against him remained in force. The court held that the fine and costs were part of the judgment, which was based upon a verdict of guilty. The court then adds:

"The assignments of error challenge the correctness of the judgment as an entirety. On a new trial appellant might interpose his pardon and his marriage. *State* v. *Otis*, 135 Ind. 267 (34 N. E. 954, 21 L. R. A. 733). It would be beyond the power of the State to force him to meet the information on its merits. The substantial element of the controversy has been eliminated. * * * The question of appellant's liability to fine and costs cannot be reached except by overturning the judgment as a whole. He may not so attack the judgment, because, by asking and accepting executive clemency, he said, in effect, that he was rightly convicted. He may not admit guilt to escape imprisonment, and at the same time protest innocence to avoid payment of fine and costs."

Applying the principles of law stated in these cases to

the case before us, what is the result? When Mr. Marsh petitioned the governor for a pardon, and it was issued to him, and he brought it into this court, he, in effect, said he was guilty of the offense charged, that the conviction of the court below ought to stand, and that he waived the bill of exceptions filed by him in this court. This situation practically disposes of the case in this court.

The counsel, however, have raised the question of the validity of the pardon, they have argued it fully upon both sides, and desire us to pass upon it. If not decided now, as the question may arise later we will express our views thereon, without attempting to enter upon an elaborate discussion. We do not deem it necessary to decide whether the legislature possesses the power to require all petitions for pardon to be presented and acted upon by the advisory board of pardons before the governor can exercise executive clemency. It is sufficient for the purposes of this case that no such requirement is made by the statute. See *In re Pardoning Power of Governor and Council*, 85 Me. 547 (27 Atl. 463). The Constitution provides the governor may grant pardons upon such conditions, and with such restrictions and limitations, as he may think proper, etc. It is possible to conceive of a condition that might void the pardon because it was unlawful; but it is not unlawful to make it one of the conditions of the pardon that the convicted person shall pay to the Commonwealth a sum that will in part, at least, reimburse it for the expenses incurred in bringing about his conviction. When the convicted person accepts the pardon, he accepts it subject to its conditions and limitations. *Flavell's Case*, 8 Watts & S. 197; *Lee* v. *Murphy*, 22 Grat. 789 (12 Am. Rep. 563); *In re Wells*, 18 How. 307; *In re Marks*, 64 Cal. 29 (28 Pac. 109, 49 Am. Rep. 684); *Manlove* v. *State*, 153 Ind. 80 (53 N. E. 385). See *People* v. *Moore*, 62 Mich. 503 (29 N. W. 80), and cases there cited.

We have no doubt the pardon is valid, and has become

operative, subject to be defeated by a breach of the conditions contained therein.

The appeal is dismissed, and the cause is remanded to the circuit court for the county of Ingham.

The other Justices concurred.