## O. T. Calloway v. The State.

No. 6782. Decided April 26, 1922.

1.—Felony Theft—Suspended Sentence—Practice in Trial Court.

Where defendant upon trial for felony theft pleaded suspended sentence, which was recommended by the jury, but ignored by the court, the same was reversible error; although defendant had been convicted of a felony at a former term of the court, and sentence had been suspended therein.

2.—Same—Suspended Sentence—Practice in Trial Court—Practice on Appeal.

Where the trial court refused to grant suspension of sentence, and upon motion by the State struck out such recommendation of the jury and directed confinement in the penitentiary, the same was reversible error, although the defendant was entitled to but one suspended sentence, and the case will therefore be reversed and remanded, it appearing from the record that at a former term of the trial court defendant had been convicted of a felony with suspended sentence.

Appeal from the District Court of Fannin. Tried below before the Honorable Ben. H. Denton.

Appeal from a conviction of felony theft; penalty, five years imprisonment in the penitentiary.

The opinion states case.

*Grady Sturgeon*, for appellant.—Cited Sorrell v. State, 169 S. W. Rep., 299; Monroe v. State, 157 id., 154. Brown v. State, 158 id., 807. Martin v. State, 158 id., 994.

*R. G. Storey*, Assistant Attorney General, and *Geo. P. Blackburn*, District Attorney, for the State.—Cited Holland v. State, 187 S. W. Rep., 944. Williamson v. State, 167 id., 360. Barnett v. State, 170 id., 343. Wynne v. State, 127 id., 213. Decker v. State, 124 id., 912. Cornwell v. State, 134 id., 221.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Fannin County of theft of property of the value of more than fifty dollars, and his punishment fixed at five years in the penitentiary.

This appellant has appealed from a judgment of the court below sentencing him to five years in the penitentiary without the benefit of suspended sentence, which later was recommended by the jury trying him. From the record we learn that in cause No. 9428 against this same appellant in the court below, at a former term of said court appellant had been convicted of a felony and his punishment fixed at five years in the penitentiary, and that upon recommendation of the jury said sentence was duly suspended. When the instant case, No. 9455 on the docket of said court, was called for trial at a subsequent term, appellant presented another application for suspended sentence and the court below submitted said issue to the jury, and they in their verdict herein in addition to assessing a penalty of five years in the penitentiary, recommnded that sentence be suspended. The trial court refused to grant the said suspension, and on motion of the State struck out such recommendation of the jury and entered sentence directing the confinement of the appellant in the penitentiary. From the judgment and sentence as entered an appeal was taken. We think the trial court erred in submitting the issue of suspended sentence in this case at all. In our opinion as expressed in Hill v. State, No. 6678, opinion this day handed down, we held the accused entitled to but one suspended sentence, and that a judgment of guilty in a felony case accompanied by a suspension of the sentence, is a conviction of felony as that term is used in Sections 1,

2, 3 and 5 of Chapter 7, Acts Regular Session of Thirty-third Legislature, said section being now Arts 865b, 865c, 865d and 865f of Vernon's C. C. P.

It s also true, however, that the judgment of the tral court which fails to substantially conform to the verdict is erroneous. Article 853, Vernon's C. C. P. Subdivision 10 of said article seems in terms to require that the judgment reflect the punishment both in its duration and place, which has been fixed by the jury. In Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W. Rep., 998, this court held that the trial court had no right to ignore that part of the jury's verdict granting suspension of sentence. In a proper case, as in the Baker case, supra, and in Hill v. State, No. 6679, this day decided, this court might reform the judgment of the trial court; but no right existing to a second suspended sentence and it appearing that the rights of appellant may have been injuriously affected by the submission of the issue of suspended sentence to the jury in the instant case, for the error of the trial court in entering a judgment not in conformity with the verdict of the jury and in erroneously sentencing appellant, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*