## S. E. GOSS v. THE STATE.

### No. 10832.   Delivered June 8, 1927.

**1.—Murder—Commuting Punishment—Pending His Appeal—Held Valid.**

Where pending his appeal to this court from a conviction of murder, with a penalty assessed of twenty-five years, the Governor of this State commuted the punishment to confinement in the penitentiary for a period of two years, which was accepted by him.

**2.—Same—Continued.**

Under the Constitution of this State, Art. 4, Sec. 11, the term, after conviction, as used in said article, means a verdict of guilty, and not a final judgment, and a pardon granted pending an appeal is valid. See Ruling Case Law, Vol. 20, p. 540; Duke v. State, 291 S. W. 539, and other cases cited.

**3.—Same—Acceptance of Pardon—Binding on Appellant.**

Where appellant had accepted the commutation of his sentence, as granted by the Governor, he is bound by it, and the clemency having been accepted in the present case, his right of appeal is waived, and his discharge on bail pending the appeal is likewise destroyed.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*H. O. Norwood,* District Attorney of Hunt County; *S. F. Leslie* of Bonham; *Sam D. Stinson* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE—Murder is the offense; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

A motion to dismiss the appeal is made by the state. It appears that the appellant, on the 14th day of October, 1926, was convicted in the District Court of Hunt County, Texas, of the offense of murder, and his punishment fixed at confinement in the penitentiary for a period of twenty-five years. Notice of appeal was given on the 27th day of November following. After the notice of appeal, and before the record was filed in this court, the Governor of this State, on the 10th day of January, 1927, commuted the punishment of the appellant to confinement in the penitentiary for a period of two years. This act of clemency was accepted in writing by the appellant upon the same day. After the preliminary recitals, the proclamation of the Governor reads thus:

"Therefore, under the powers vested in me as Governor of the State of Texas, I hereby reduce and cummute the said sentence from five to twenty-five years assessed against the defendant, S. E. Goss, in the District Court of Hunt County, Texas, to a term of two years' confinement in the penitentiary, said term to begin on the 10th day of January, A. D., 1927, and to continue two years under the rules, regulations and laws governing penitentiaries."

After the proclamation was issued and accepted, the appellant, over the opposition of the State's Attorney, was admitted to bail pending his appeal and is now at large on bond. The Constitution has vested in the Governor the power to commute the punishment "after conviction." See Constitution of Texas, Art. 4, Sec. 11. While in some sense the term "conviction" applies to a final judgment of guilty, that term, as used in our Constitution, means a *verdict* "of guilty," and a pardon granted pending appeal is valid. See Ruling Case Law, Vol. 20, p. 540; Duke v. State, 291 S. W. 539; also State v. Alexander, 76 N. C. 231, 22 Am. Rep. 675; Gilmore v. State, 3 Okla. Crim. 639, 108 Pac. 416; State v. Garrett, 135 Tenn. 617, 188 S. W. 58; People v. Marsh, 125 Mich. 410, 84 N. W. 472, 51 L. R. A. 461. The issuance of the clemency proclamation and the acceptance thereof by the accused

precludes the prosecution of an appeal from the judgment. See precedents cited above, also State v. Goddard, 69 Ore. 73, 133 Pac. 90, Ann. Cas. 1916A, 146; Ruling Case Law, Vol. 20, p. 560, Sec. 45.

Appellant suggests that the lowest penalty for murder is confinement in the penitentiary for a period of five years and that the commutation reducing the sentence to two years operates to discharge the appellant altogether. Under this proposition he refers to precedents affecting the right of one accused to decline to accept the executive clemency. See Ruling Case Law, Vol. 20, p. 530, Sec. 11. The clemency having been accepted in the present case, the precedents mentioned are not deemed applicable.

The appellant, having, by the acceptance of the executive clemency, waived his right of appeal, it follows that his discharged on bail pending the appeal is likewise destroyed. .

For the reasons stated, the appeal is dismissed.

*Dismissed.*