

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Board of Pardons and Paroles
Austin, Texas

Attention: Mr. Abner L. Lewis

Dear Sir:

Opinion No. O-5662
Re: Constitution, Article IV, Section 11, vesting in Governor power to commute punishment and grant pardons after conviction, on the written signed recommendation of the Board of Pardons and Paroles; the Governor, on the recommendation of the Board has the power to grant pardon while the convicted's sentence is suspended; "conviction" as used means plea or verdict of guilty.

Your request for an opinion on the above captioned subject has been received and carefully considered. We quote from your letter, dated October 6, 1943, to-wit:

"  . . . .

"(1) The recent amendment to the Constitution of Texas prescribes that pardons and reprieves may be granted 'after conviction.' Now, is the judgment of conviction sufficient for the Board of Pardons and Paroles to take jurisdiction of the case even though it is suspended in accordance with the statute?

"(2) Is it permissible, under said constitutional amendment, for the Board of Pardons and Paroles to recommend this form of clemency even though the sentence has been suspended. . . . .?

"(3) Our Appellate Courts have held that one whose conviction has been had and sentence suspended, is not precluded by reason thereof, from testifying in the courts of record in this state. Therefore, does the suspension of said sentence of conviction forfeit the right of citizenship for any other purpose............?

".  .  .  ."

Section 11, Article IV, State Constitution, in part, reads as follows:

".  .  .  . In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons; .  .  ." (Underscoring ours)

The main question to be determined is: Does a judgment of conviction, accompanied by a suspension of the sentence, come within the term "after conviction" as used in the Constitution?

It seems well settled that a judgment accompanied by a suspension of the sentence is a conviction. In Calloway v. State, 240 S.W. 554 and Hill v. State, 243 S.W. 982, our Court of Criminal Appeals held, "that a judgment of guilty in a felony case accompanied by a suspension of the sentence is a conviction of felony as that term is used in sections 1, 2, 3, and 5 of Chapter 7, Acts Regular Session of Thirty-Third Legislature." Said sections are now embraced in Articles 776, 777, and 778, Vernon's C.C.P.

In Snodgrass v. State, 150 S.W. 162, the word "conviction," as used in Section 11 of Article IV of our Constitution, was construed to mean simply the determination of guilt by the jury, and does not embrace the sentence. In Goss v. State, 298 S.W. 585, Judge Marrow, speaking for the Court of Criminal Appeals of Texas, said: "While in some sense the term 'conviction' applies to a final judgment of guilty, that term as used in our Constitution, means a verdict of guilty." The same holding is found in Duke v. State, 291 S.W. 539."

In "Words and Phrases, Permanent Edition, "Volume 9, many cases are cited, practically from all our jurisdictions, most of which hold that the word "conviction" in its popular sense, means no more than a verdict of guilty and in some of the cases, it is held that a plea of guilty, followed by a suspension of sentence, amounts to a conviction.

We think the meaning of "conviction," as used in Section 11, Article IV of the State Constitution, is well defined in Section 21, page 539, 20 R.C.L., by the following language:

"The ordinary legal meaning of 'conviction,'

when used to designate a particular stage of a crim-
inal prosecution triable by a jury, is the confes-
sion of the accused in open court, or a verdict re-
turned against him by a jury, which ascertains and
publishes the fact of his guilt; while 'judgment'
or 'sentence' is the appropriate word to denote the
action of the court before which the trial is had,
declaring the consequences to the convict of the fact
thus ascertained. A conviction then within the mean-
ing of these constitutional provisions is a stage of
the proceedings which precedes the judgment or sen-
tence of the court, which later serves merely as a
basis of an appeal or execution, and not to enlarge
the verdict or aid in the determination of the guilt
of the accused. That being so, sentence by the court
is not essential to the completion of a 'conviction,'
and is not a necessary precedent to the exercise of the
pardoning power. . . . . ."

In the Anderson case reported in 92 Pacific Reporter
(2d) 1020, there is a lengthy discussion of the term "convic-
tion" in such constitutional provision as involved in the in-
stant case. Article VII of California's Constitution provides
that, "The Governor shall have the power to grant reprieves,
pardons, and commutations of sentence, after convictions, ..."
The California Court in construing the term, "After conviction,"
as used in the Constitution of that state had the following to
say, to-wit:

". . . . .

"In the instant case, the problem presented
is whether an unconditional pardon granted after
a verdict of guilty, but before sentence and judg-
ment, is a pardon granted 'after conviction' with-
in the meaning of the above-quoted provision. This
precise question has never been passed upon by the
appellate courts of this state. It has, however,
received consideration by the courts of other states.
Most state constitutions, in an attempt to prohibit
the abuses existent at common law under which the
crown exercised the power of pardon at any time,
contain a provision similar to the one above quoted
limiting the pardoning power to situations where
there has been a 'conviction.' In interpreting
these provisions the majority of the states have
held that the word 'conviction' so used must be
given its ordinary legal meaning, namely, that the
term refers to the verdict of guilty or confession
of the defendant in open court and does not refer
to the sentence or judgment. . . . .

"......

". . . A minority of the states hold that the
term 'conviction' in such constitutional provisions
should not be given its popular meaning, but should
be interpreted in a strict technical legal sense.
So interpreted these courts have held that the term
denotes the final judgment of the court and that
a verdict of guilty without the imposition of sen-
tence is not, therefore, a conviction.  Ex parte
Campion, 79 Neb. 364, 112 N. W. 585, . . . Ex parte
White, 28 Okl. Cr. 180, 230 P. 522; . . .

"The reasoning of the cases stating the major-
ity rule seems to us to be sound.  There would seem
to be no reason why the word 'conviction' in arti-
cle VII, supra, should not be accorded its normal
popular meaning.  The rule is well settled, of course,
that in interpreting words found in a statute or
constituion, such words as have both a popular and
a technical meaning should be accorded their popu-
lar meeting, unless the nature of the subject in-
dicates, or the context suggests, that they are
used in a technical sense.  23 Cal. Jur. 749, ¶ 124.

"Although, already stated, the courts of this
state have never passed on the meaning of the term
'conviction' as used in article VII, supra, they
have in several cases, interpreted the term as
used in several statutes.  In all but one case,
hereafter mentioned, it has been held that the term
'conviction' should be interpreted as meaning the
verdict of guilty, and that sentence and judgment
are not necessary to constitute a conviction.......

".  .  .  .  .

"For the foregoing reasons we conclude that
under the provisions of article VII of the Consti-
tution the governor may, and in this case properly
did, pardon after verdict of guilty and before sen-
tence and judgment."

In view of the decisions of our own state and of the
majority of other states, holding that the word "conviction"
so used must be given its ordinary legal meaning, namely, that
the term refers to the verdict of guilty or confession of the
defendant in open court and does not refer to the sentence or
judgment, we are constrained to hold that the Board of Pardons
and Paroles has jurisdiction to recommend a pardon after con-

viction accompanied by a suspension of the sentence. We there fore answer your first and second questions in the affirmative.

In answer to your third question you are advised that a judgment of conviction accompanied by a suspension of the sentence forfeits the right to serve on a jury. This conclusion is supported by the case of Terrill v. State, 112 (2d) S.W. 734.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jesse Owens
Jesse Owens
Assistant

JO:db:wc


APPROVED OCT 29, 1943
s/R.W. Fairchild
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by_s/BWB_Chairman