

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 6, 1974

The Honorable William H. Skelton
Chairman
Board of Pardons and Paroles
Room 501 John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 295

Re: The authority of the
Board of Pardons and
Paroles in regard to
prisoners whose con-
victions are still on
appeal

Dear Mr. Skelton:

You have asked our opinion on three questions relating to the autho-
rity of the Board of Pardons and Paroles to recommend reprieves and
paroles of persons incarcerated in a facility of the Texas Department of
Corrections while their cases are being appealed. Your first two questions
are:

> 1. "Does the Board of Pardons and Paroles have
> the authority to recommend to the Governor an Indefinite
> Medical Reprieve or Emergency Reprieve for an inmate
> confined in the Texas Department of Corrections if the
> inmate has a conviction on appeal?"

> 2. "Does the Board of Pardons and Paroles have
> the authority to consider the case of an inmate confined
> in the Texas Department of Corrections for parole and
> recommend parole to the Governor when the inmate has
> a conviction on appeal?"

Your inquiries are necessitated by recent amendments to Articles
42.03 and 42.09, Vernon's Texas Code of Criminal Procedure, which permit
the transfer of persons to the Texas Department of Corrections while their
appeals are pending.

p. 1373

The primary basis for the authority of the Board of Pardons and Paroles is found in Article 4, § 11, of the Texas Constitution which provides in part:

> "In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons. . . ."

In Texas a felony conviction ordinarily is not considered final until after it has been affirmed by the Court of Criminal Appeals, Pruett v. Texas, 470 F. 2d 1182 (5th Cir. 1973, en banc), aff'd mem. ____ U. S. ____, 38 L. Ed. 2d 39 (Oct. 9, 1973); however, the term "after conviction" as used in relation to reprieves, pardons and commutations has been held to mean after a verdict of guilty. Whan v. State, 485 S. W. 2d 275 (Tex. Crim. 1972); Goss v. State, 298 S. W. 585 (Tex. Crim. 1927); Snodgrass v. State, 150 S. W. 162 (Tex. Crim. 1912). Under this reasoning it has been judicially determined that commutations may be granted before the completion of the appellate process. Stanley v. State, 490 S. W. 2d 828 (Tex. Crim. 1973); Cherry v. State, 488 S. W. 2d 744 (Tex. Crim. 1973), cert. denied, 411 U. S. 909 (1973); Hall v. State, 488 S. W. 2d 94 (Tex. Crim. 1973); Whan v. State, supra. See, Snodgrass v. State, supra, and Article 42.07, Vernon's Texas Code of Criminal Procedure, for language strongly indicating that the same rule applies to pardons. We believe the same conclusion must be reached in respect to reprieves. Paroles are conditional pardons, Ex parte Lefors, 303 S. W. 2d 394 (Tex. Crim. 1957), and would be governed by the same rule controlling pardons.

Therefore, in answer to your first and second questions, it is our opinion that the Board of Pardons and Paroles has the authority to recommend an indefinite medical reprieve, an emergency reprieve or a parole for a prisoner whose case is still being appealed. Your third question is conditioned on a negative answer to your second question, and therefore, it is unnecessary for us to consider it.

## SUMMARY

The Board of Pardons and Paroles has the authority to recommend a prisoner for an indefinite medical reprieve, an emergency reprieve or a parole even though the prisoner's conviction has not yet been reviewed by the Court of Criminal Appeals.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK  First Assistant

DAVID M. KENDALL,  Chairman
Opinion Committee